UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20563-PAS

UNITED STATES OF AMERICA,

v.

CHRISTIAN JOSE GONZALEZ,

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE*

THIS MATTER is before the Court on the Government's Motion *in Limine* [DE 28], which seeks to introduce the statement in former FBI Agent Matthew Russo's March 11, 2022 email [DE 28-1] under the past recollection recorded exception to the hearsay rule. Fed. R. Evid. 803(5). According to the email, Defendant told Agent Russo that the money he received from Pavel Ruiz would be "used to pay [a vendor] who was developing the mjcf [sic] platform." DE 28-1 at 2. Defendant in his Response [DE 30] argues that the proffered evidence does not comply with Rule 803(5) and its admission will violate his right to confront witnesses against him, and his right to a fair trial.[1]

The Court reviewed the Motion [DE 28], Defendant's Response [DE 30], the Government's Reply [DE 32], and the record. Assuming the testimonial foundation is laid, Agent Russo's March 2022 email statement would comply with Federal Rule

---

[1] Defendant also requests the Court to conduct an *in camera* review of Agent Russo's notes from FBI interviews of Defendant. DE 30 at 5-7. The Government states in its Reply that it will provide the defense with Agent Russo's notes from the interviews. DE 32 at 1.

of Evidence 803(5) and its admission would not violate Defendant's rights under the Confrontation Clause or his right to a fair trial. As such, the Motion is GRANTED.

I. BACKGROUND

Defendant was indicted in November 2022 on two counts of money laundering in violation of 18 U.S.C. § 1957, arising from an alleged *Ponzi* scheme involving MJ Capital Financing, LLC ("MJ Capital"). DE 1 at 2-3. MJ Capital was purportedly a lender of Merchant Cash Advances ("MCAs"), a type of business loan offering high returns. *Id.* The Government alleges that MJ Capital's founder ("Co-conspirator 1") and Pavel Ruiz, who assisted Co-conspirator 1, falsely represented to investors that investments in MJ Capital funded MCAs. DE 28 at 2.

Co-conspirator 1 hired Defendant as a consultant to strengthen the company's MCA business. *Id.*; DE 1 at 3. Defendant had prior experience in MCAs through his own business, United Capital Solutions. DE 28 at 2. In July 2021, the Government alleges, Defendant requested from Co-conspirator 1 funds for a platform to vet MCA applications. *Id.* at 3. Thereafter, Pavel Ruiz purportedly provided Defendant with a $200,000 check drawn on an account with proceeds from the *Ponzi* scheme; Defendant used the check to open a JPMorgan Chase account ending in 6678 for MJCF, LLC ("MJCF"), the vehicle for MJ Capital's MCA business. *Id.*

On August 12, 2021, the FBI searched the MJ Capital office, and a court-appointed receiver seized MJ Capital pursuant to an emergency action by the U.S. Securities and Exchange Commission ("SEC"). *Id.*; *see also SEC v. MJ Capital*

*Funding*, No. 21-cv-61644, ECF No. 17 (S.D. Fla. Aug. 12, 2021). On October 14, 2021, the court ordered that the receivership estate also cover MJCF. *SEC v. MJ Capital Funding*, No. 21-cv-61644, ECF No. 79 (S.D. Fla. Oct. 14, 2021); DE 28 at 4.

The FBI interviewed Defendant three times regarding the alleged *Ponzi* scheme: September 9, 2021; October 5, 2021; and December 2, 2021. DE 28 at 3; DE 30 at 2-3. According to Defendant's Response, Russo's 302 of the October 5, 2021 interview states, "Gonzalez's roles at MJCF were to bring the CRM software online and to work with potential new merchants looking for funding. Pavel Ruiz wrote a check for $200,000 to Gonzalez in order to fund the CRM software development." DE 30 at 3.

According to the Government, by the time of the third FBI interview on December 2, 2021, Defendant had already spent more than $40,000 in investor funds held in the account ending in 6678. DE 28 at 3. Defendant allegedly withdrew the remaining $159,936 in that account on December 14, 2021, which represents Count 1 in the Indictment. DE 1 at 3; DE 28 at 4. On that same day, Defendant purportedly deposited $155,000 in a new JPMorgan Chase account ending in 7833 for his business, United Capital Solutions; this transaction represents Count 2 in the Indictment. *Id.* The Government alleges that Defendant spent the entirety of this sum on personal expenses and United Capital Solutions. DE 28 at 4.

During trial, the Government will call Agent Russo to testify as to Defendant's

3

statements during the October 5, 2021 interview.  The Government seeks to introduce the statement in the March 11, 2022 email from Agent Russo to the MJ Capital receiver because Russo cannot presently recall the statement he wrote in the email.  Russo states in the email that Defendant told him the money he received from Pavel Ruiz was "used to pay Sysarch who was developing the mjcf [sic] platform."  DE 28 at 6; DE 28-1.  The Government argues that this email's admission would be consistent with the past recollection recorded exception to the rule against hearsay.  DE 28 at 6; Fed. R. Evid. 803(5).

II.   ANALYSIS

The March 2022 email statement will qualify as past recollection recorded, if the foundational requirements are met.[2]  Presumably, Russo will testify that Defendant stated in October 2021 that the $200,000 would be used to develop the platform.  Further, Russo will affirm during trial that he knew his statement to be true at the time, and the statement accurately reflected his knowledge.

Although Defendant objects to the lack of contemporaneity, the lapse of approximately five months between the interview and the email does not preclude the admission of the email statement.  Both parties cite one Eleventh Circuit case, where approximately two months elapsed between the events described in the record and the record itself.  *United States v. Jones*, 601 F.3d 1247, 1253, 1262 (11th

---

[2] A record is not excluded by the rule against hearsay, if it "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5). Rule 803(5) "requires that the witness verify the contents of the past statement." *United States v. Jones*, 601 F.3d 1247, 1262 (11th Cir. 2010). If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party. Fed. R. Evid. 803(5).

Cir. 2010). The Sixth Circuit permitted a lapse of six months. *United States v. Williams*, 571 F.2d 344, 348 (6th Cir. 1978). The Ninth Circuit allowed the passage of 10 months. *United States v. Patterson*, 678 F.2d 774, 779-80 (9th Cir. 1982).

Here, assuming Russo can lay the foundation, he will be available for cross-examination to test his ability to recall, and the jury will be instructed that ability to recall is a factor to weigh in evaluating his credibility. It also does not appear that Russo was responsible for tracking the ultimate disposition of the $200,000. The disposition of the *Ponzi* funds became relevant and tied to Defendant once the receiver's attorney undertook an audit in March 2022. Moreover, the Government has agreed to turn over Russo's rough notes, which will aid the effectiveness of the cross-examination.

In addition, Defendant's argument that his rights under the Confrontation Clause would be violated is without merit, as Agent Russo will be available for cross-examination. *Jones*, 601 F.3d at 1263. Defendant also fails to establish how his constitutional right to a fair trial will be harmed by the admission of the email statement. Accordingly, it is

ORDERED that:

The Government's Motion *in Limine* [DE 28] is GRANTED.

DONE AND ORDERED in Miami, Florida, this 17th day of May, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record